Walter R. Hart, J.
Petitioner applies for an order annulling an order of the State Rent Commission which denied the protest filed by him from a ruling by the local rent administrator rejecting an application for decontrol of an apartment. The application was filed pursuant to paragraph (g) of subdivision 2 of section 2 of the State Residential Rent Law (L. 1946, eh. 274, as amd.), which provides for the decontrol of housing accommodations created by conversion after May 1, 1950, if there has been a structural change involving substantial alterations or remodeling and provided that the housing accommodation created is a self-contained family unit “ as defined by regulations issued by the commission ”.
The term “ self-contained family unit ” has been defined by section 11 of the State Rent and Eviction Regulations as meaning a housing accommodation with private access, containing one or more rooms in addition to a kitchen (including kitchenette or pullman kitchen) and a private bathroom.”
*575 It appears from the record that in 1955 the landlord at a cost of about $7,000 made certain alterations in an empty building whereby he created Avhat he contends are six self-contained housing accommodations. The alterations were made pursuant to plans filed with the New York City Building Department whereby the premises were converted into a Class “A” multiple dwelling consisting of six self-contained units. A certificate of occupancy to that effect was issued by the building department. Five of the six units were decontrolled by order of the Rent Administrator but decontrol was denied with respect to the subject apartment because of a report made by an inspector for the local rent administrator, which reads as follows: ‘ ‘ Inspection of subject unit (first floor front), reveals that it has a pullman kitchen (all in one unit). Kitchenette is not recessed and there is no separation between kitchen and rest of room.”
By order of the local rent administrator, petitioner’s application was denied on the ground that “ visible inspection indicates accommodations are not ‘ self-contained ’ within meaning of section 11 of the Regulations. ’ ’ In denying the protest from the aforesaid ruling, the State Administrator states: “The evidence submitted by the landlord indicates that the ‘ kitchen ’ is a part of the living quarters of the subject accommodation. The inspection report indicates that the ‘ kitchen ’ is not recessed or separated from the rest of the room and is not ‘ in addition thereto.’ ”
The kitchen facilities afforded the tenant were described by the inspector as a “ pullman kitchen,” which is not otherwise defined by the regulation or elsewhere. It appears that the term “ pullman kitchen ” means a compact collection of kitchen facilities. There is, therefore, in this housing a private access, a private bathroom, a room, in addition to what is referred to in the inspection report as a “ pullman kitchen.” There is nothing in the regulation or phrase, “ in addition to,” which connotes that the Pullman kitchen must be separated, apart, detached or recessed from the remainder of the room. The rationale of this conclusion is obvious.
The regulation requires “ in addition to ” the room, a kitchen — which imports a separate room containing kitchen facilities, a kitchenette which imports a recessed area of the same room containing these facilities, or a Pullman kitchen which connotes these same facilities compactly placed — without any implied requirement that they be recessed or located in a separate room. If the terms ‘' kitchen,” “ kitchenette ” and “ pullman kitchen ” have the same meaning — a separate or recessed area — ■ there *576 would have been no occasion to use all three terms. A different meaning was intended for each and the term “ pullman kitchen ” employed by the inspector would not have been used to describe the kitchen facilities found by him.
Since all of the prerequisites of the regulation have been complied with, the order of decontrol should have been directed.
Accordingly, the petition is granted and respondent is directed to decontrol the subject apartment.
Submit order.